IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CORY TURNER                                                           PLAINTIFF

v.                             Civil No. 5:25-cv-05261-TLB-CDC

WASHINGTON COUNTY                                                     DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly, the case will automatically be reassigned to Chief United States District Judge Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).  The case is before the Court on Plaintiff's failure to obey an order of the Court.

### I.  DISCUSSION

On December 11, 2025, this Court received a handwritten letter from Plaintiff, which it construed as a complaint regarding his incarceration at the Washington County Detention Center. *See* ECF No. 1.  This Court entered an Order that same day directing Plaintiff to either pay the filing fee file or submit an *in forma pauperis* ("IFP") application by January 2, 2026, and to submit an amended complaint on this Court's approved form for prisoner § 1983 lawsuits by January 2, 2026.  *See* ECF No. 2.  The Court mailed blank copies of the aforementioned forms to Plaintiff. *See id.*  After this deadline passed with no filing fee, IFP application, or amended complaint having been submitted, this Court entered an Order directing Plaintiff to show cause why he failed to obey

1

those Orders by January 30, 2026, and warning that "[i]f Plaintiff fails to respond by the deadline, this case shall be subject to dismissal."  *See* ECF No. 4.  Plaintiff never filed any response to the show-cause Order, and none of this Court's Orders have been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).  Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

2

**DATED** this **23rd day of February 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

3